GEORGE BRISBANE, APPELLANT, *v.* THE DELAWARE, LACKAWANNA AND WESTERN RAILROAD COMPANY, RESPONDENT.

*Corporation — liability of, for transferring stock without production of certificate — right of, to pay dividend to the administrator of one in whose name the stock stands.*

APPEAL from a judgment, entered upon the trial of this action at the Special Term.

The plaintiff brought this action to compel the defendant to issue to him a certificate for ten of its shares to which he claimed to be entitled as the transferee of ten shares of the stock issued by a cor-

poration to whose rights and obligations the defendant is shown to have since succeeded, or in case of the inability of the defendant to issue such certificate for damages to the extent of the value of such stock. This certificate, of which the plaintiff was the transferee, was a certificate issued to Samuel Benedict, and it contained the statement that he was entitled to ten shares of the capital stock of the corporation issuing it, transferable only on the books of the company upon surrender of the certificate. Benedict executed a power of attorney, indorsed upon the certificate, appointing the plaintiff his attorney irrevocable to sell and transfer to the plaintiff the whole or any part of the shares specified. This power was given on the 1st day of January, 1856, but no transfer of the shares was made under its authority during the lifetime of Benedict. After his decease and in the year 1876 his administrator procured a transfer of these shares upon the books of the defendant to himself. The certificate issued for the shares themselves was not and could not be by him produced, and according to its terms he was not entitled to the transfer of the shares which he caused to be made, and the defendant it was claimed made it without authority. It was for that reason held that the defendant was liable to that extent to the plaintiff in this action.

In the intermediate time a stock dividend of fifty per cent had been declared in favor of these shares, and further dividends in cash had also been specifically credited to them on the books of the defendant. This stock dividend and the cash dividends, with the exception of one of them, were credited to Benedict, who appeared on the corporate books to be the owner of these shares, and they were accordingly paid over to his administrator at or about the time of the transfer of the shares themselves. The plaintiff insisted upon his right to recover the value of the stock dividend and the amount of the cash dividends paid to the administrator, but these portions of his claim were rejected as not well founded by the decision finally made in the action.

The court at General Term said: " His title to the dividends rests upon a different basis from that of his right to the shares themselves, for those shares could not lawfully be transferred without the surrender of the certificate which had been issued to authenticate the right of the person named in it to

them. But as long as the books of the company contained evidence that the person who received the certificate was still to be regarded as the owner of the shares it had an authentic record upon which it could lawfully act, and that determined the disposition which should be made of the dividends. Benedict stood upon the books of the company as owner of the shares. Nothing appeared to impeach his title; and as they were only transferable upon the surrender of the certificate, as long as that had not been done, no other alternative existed than to regard him as still the owner of the shares. To obtain the dividends upon the shares he was not bound to produce the certificate which had been issued for the stock, but he could do so upon the fact of his recorded title as long as no evidence appeared from which his right could be impeached or questioned. Payment to him under such circumstances would be a lawful and proper disposition of the dividends. This was the view which was taken of the subject in *Smith* v. *American Coal Company* (7 Lans., 317), and it is sustained by what was said upon the same subject in *McNeil* v. *Tenth National Bank* (46 N. Y., 325). And it was also considered to be a settled principle of law in *Manning* v. *Quicksilver Mining Company*, decided by the court in March, 1881. (24 Hun, 360.)

When Benedict died this right, as it appeared to exist in him, passed to his administrator, who by virtue of that relation acquired the same title to the dividends that Benedict could have asserted in case he had lived. A payment to him was authorized by the evidence of title standing upon the books of the corporation, and his failure at the time it was claimed to present the certificate issued for the shares was not a circumstance subjecting his title to suspicion, or justly rendering it a subject of inquiry.

If notice had been given by the plaintiff of his right to receive the dividends accruing upon the shares, the case would undoubtedly require a different determination."

*A. N. Weller*, for the appellant.

*Hamilton Odell*, for the respondent.

Opinion by DANIELS, J.; DAVIS, P. J., and BRADY, J., concurred.

Judgment affirmed.